UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LAKISHIA KLINE-FELICIANO,<br><br>               Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>               Defendant. | Case No.: 2:14-cv-0431-GMN-VCF<br><br>**ORDER** |

Pending before the Court is the Motion to Remand filed by Plaintiff Lakishia Kline-Feliciano. (ECF No. 6).  Defendant State Farm Mutual Automobile Insurance Company filed a response in opposition, (ECF No. 10), and Plaintiff filed a reply, (ECF No. 11).  For the reasons that follow, the Court will grant the instant Motion.

**I.     BACKGROUND**

This action centers upon Plaintiff's allegations that Defendant, her insurer, breached the underinsured motorist provisions of her policy by refusing to tender the policy limit following an auto accident that occurred on February 7, 2013. (Compl. 3:15-4:3, ECF No. 1-1).  This case was originally filed in Clark County District Court on February 10, 2014. (*Id.* at 1).  On March 21, 2014, Defendant removed the case, citing this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Pet. for Rem. 2:4-8, ECF No. 1).

Plaintiff's Complaint sets forth three causes of action, for which she seeks to recover: (1) a sum in excess of $10,000 for past and future medical expenses; (2) a sum in excess of $10,000 for pain, suffering, mental distress, anguish, and fear; (3) unspecified amounts for loss of earning capacity, loss of life-enjoyment, attorneys' fees, and punitive damages; and (4) prejudgment interest. (Compl. 7:11-20, ECF No. 1-1). Plaintiff now requests that this case be remanded back to Clark County District Court.

## II.   LEGAL STANDARD

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal statutes are strictly construed against removal jurisdiction. *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*. (citing *Libhart v. Santa Monica Dairy Co*., 592 F.2d 1062, 1064 (9th Cir. 1979)). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

## III.   ANALYSIS

This Court has original jurisdiction over all civil actions in which the amount in controversy: (1) exceeds the sum or value of $75,000; and (2) is between citizens of different States. 28 U.S.C. § 1332(a). As discussed *infra*, Defendant fails to establish that the amount in controversy exceeds $75,000, and therefore the Court will grant Plaintiff's Motion.

In its Response, Defendant asserts that this case satisfies the amount in controversy requirement because Plaintiff has: (a) indicated that her medical costs and lost wages exceed $14,000; (b) claimed that her pain and suffering damages exceed $10,000; (c) alleged a loss of earning capacity; (d) requested attorneys' fees; and (e) demanded punitive damages. (Def.'s

Resp., ECF No. 11).  The Court will address each of these arguments in turn.

### a. Medical Costs and Lost Wages

Defendant claims that Plaintiff is seeking at least $14,000 in medical costs and lost wages.  In support of this assertion, Defendant refers to a letter, sent by Plaintiff's counsel on August 30, 2013, stating that Plaintiff had incurred $10,645 in treatment expenses from five medical providers and claiming her lost wages totaled $767.60. (Ex. C to Def.'s Resp., ECF No. 10-3).  Additionally, Defendant points to a letter from chiropractor Keven Bahoora, dated August 9, 2013, estimating the cost of Plaintiff's remaining treatment to be $2,430. (Ex. B to Def.'s Resp., ECF No. 10-2).  Plaintiff does not dispute the authenticity of these documents or the validity of their contents; therefore the Court finds that Defendant has provided sufficient evidence to show that Plaintiff is seeking at least $13,842.60 for her medical costs and lost wages.

### b. Pain and Suffering

Defendant argues that it is apparent from the Complaint that Plaintiff is seeking at least $10,000 for pain and suffering.  Indeed, as the Complaint specifically requests "a sum in excess of $10,000.00 as and for general damages for pain, suffering, mental distress, anguish and fear," (Compl. 7:13-14, ECF No. 1-1), the Court will consider this amount within its calculation.

### c. Loss of Earning Capacity and Enjoyment of Life

Defendant asserts that, because Plaintiff claims to have missed one week of work and has stated that her pain increases when she lies down, bends over, performs yard work, or walks in heels, "[I]t is not unreasonable to conclude Plaintiff will seek thousands of dollars for her alleged loss of earning capacity, loss of enjoyment of life and other unspecified compensatory damages." (Def.'s Resp 6:13-18).  While Defendant is correct that such an assumption would not be unreasonable, this assertion disregards the legal standard relevant to the instant Motion.

Defendant bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold, not merely that it would be reasonable for Plaintiff to seek such an amount. *See Matheson*, 319 F.3d at 1090.  Accordingly, the Court finds that Defendant's unsupported observation fails to adequately demonstrate that Plaintiff will seek thousands of dollars for loss of earning capacity and life-enjoyment.

### *d. Attorneys' Fees*

Defendant requests that the Court consider Plaintiff's request for attorneys' fees as part of the amount in controversy.  However, Defendant has not set forth any basis under which an award of attorneys' fees may be warranted in this case, nor has it provided any evidence as to the amount of attorneys' fees Plaintiff might reasonably incur.  In order for a court to include a potential award of attorneys' fees within an amount in controversy calculation, the removing party must (1) identify an applicable statute which could authorize an award of attorneys' fees and (2) provide an estimate as to the time the case will require and opposing counsel's hourly billing rate. *See, e.g.*, *Surber v. Reliance Nat. Indem. Co.*, 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000) (holding a defendant's statement that the opposing counsel's fees "may well, in and of themselves, exceed the jurisdictional minimum" did not suffice to create subject matter jurisdiction); *Wilson v. Union Sec. Life Ins. Co.*, 250 F. Supp. 2d 1260, 1264 (D. Idaho 2003) (stating a defendant "must do more than merely point to [a plaintiff's] request for attorney's fees; upon removal it must demonstrate the probable amount of attorney's fees").  Therefore, Defendant has not satisfied its burden to show that an award of attorneys' fees might be authorized in this action, and the Court cannot consider such an award as part of the amount in controversy.

### *e. Punitive Damages*

Defendant asserts, "[T]here is a very real possibility Plaintiff could seek hundreds of thousands of dollars in punitive damages against State Farm.  Therefore, Plaintiff's claim for

punitive damages, on its own, is sufficient to satisfy the amount-in-controversy requirement." (Def.'s Resp. at 8:1-4). While Defendant is correct that the Court can, in some instances, consider a potential award of punitive damages to be within the amount in controversy, "it is not enough to tell the Court that [a plaintiff] seek[s] punitive damages, [the defendant] must come forward with evidence showing the likely award if [the plaintiff] were to succeed in obtaining punitive damages." *Wilson*, 250 F. Supp. 2d at 1264 (D. Idaho 2003); *see also, e.g.*, *Burk v. Med. Sav. Ins. Co.*, 348 F. Supp. 2d 1063, 1069 (D. Ariz. 2004). Furthermore, a court cannot consider awards issued in other actions unless a defendant identifies similarities which raise an inference that such an award is likely in the present case. *See, e.g.*, *Conrad Associates v. Hartford Acc. & Indem. Co.*, 994 F. Supp. 1196, 1201 (N.D. Cal. 1998).

In support of the notion that the Court should consider punitive damages within its calculation, Defendant makes a generic reference to a single case in which a plaintiff received a punitive damage award nine times as large as his actual harm. *Merrick v. Paul Revere Life Ins. Co.*, 594 F. Supp. 2d 1168, 1189 (D. Nev. 2008). However, Defendant makes no attempt to identify factual similarities which raise an inference that a jury might issue such a large punitive damage award in this case. Indeed, it is unclear whether any relevant similarities exist between *Merrick* and the instant action. Because Defendant has failed to carry this burden, the Court will not consider the punitive damage award in *Merrick* when determining the present amount in controversy.

Therefore the evidence put forward by Defendant demonstrates only that Plaintiff is seeking $23,842.60—far below the $75,000 minimum required for diversity jurisdiction. Accordingly, the Court will remand this case.[1]

/ / /

---

[1] Because Defendant has failed to carry its burden as to the amount in controversy, the Court need not determine whether complete diversity exists between Plaintiff and Defendant.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, (ECF No. 6), is GRANTED.  The clerk is instructed to close the case.

**DATED** this 21st day of October, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court